Englebert **GESINK**, Plaintiff-Appellant,

v.

**GRAND LODGE, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS; DISTRICT LODGE 86, affiliated with International Association of Machinists and Aerospace Workers; and James E. Dugan, a representative of Grand Lodge, International Association of Machinists and Aerospace Workers, Defendants-Appellees.**

No. 85–1663.

United States Court of Appeals, Tenth Circuit.

Oct. 15, 1987.

John A. Criswell of Branney, Hillyard & Criswell, Englewood, Colo., for plaintiff-appellant.

Joseph P. Manners, Gen. Counsel, I.A.M. A.W., Washington, D.C., and Philip Hornbein, Jr., of Hornbein, MacDonald, Fattor and Buckley, P.C., Denver, Colo., for defendants-appellees.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

The trial court, Weinshienk, J., held as follows:

## "ORDER GRANTING SUMMARY JUDGMENT

"Plaintiff Englebert Gesink filed this action against the Grand Lodge of the International Association of Machinists and Aerospace Workers (Grand Lodge), District Lodge 86 of the same union (District Lodge) and James E. Dugan, a representative of the Grand Lodge. Gesink alleges violations of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401 [et seq.] (LMRDA), and asserts a state law claim based upon the union constitution and by-laws. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and the Court's pendant jurisdiction.

"Gesink was the directing business representative of the District Lodge in August, 1982, when its delegates voted to request supervision by the Grand Lodge. Defendant Dugan was appointed to supervise the District Lodge, and he subsequently filed union disciplinary charges against plaintiff. In April, 1983, the delegates voted to suspend plaintiff from his office pending resolution of the internal charges.

"The charges against plaintiff were set for trial before a union committee on July 25, 1983. Two weeks before trial, Gesink was notified of five additional charges to be heard also on July 25. He requested a postponement of the trial, which was denied. Other than making a statement into the record, he did not participate in the trial. As a result of the trial, Gesink was removed from his office in December, 1983, by the union's International President, and an order was entered barring him from

holding union office for a period of five years.

"Plaintiff's first claim for relief seeks damages for deprivation of his salary and other emoluments of his office during the Grand Lodge supervision of the District Lodge, on the basis that the supervision violated the Title III trusteeship provisions of the LMRDA. His second claim for relief asserts that his suspension from office during the pendency of the union disciplinary charges violated the union's constitution and by-laws. In his third claim for relief, plaintiff challenges the final decision of the union trial committee, arguing that it was rendered without due process in violation of the Title I 'bill of rights' provisions of the LMRDA.

"This matter is now before the Court on the defendants' Motion for Summary Judgment, which seeks dismissal of all of plaintiff's claims. To rule on defendants' Motion, the Court must resolve whether plaintiff has an individual cause of action for damages he may have suffered as a result of any violations of Title III of the LMRDA, whether plaintiff may pursue his due process claim under Title I of the act given his failure to defend the union disciplinary charges at the internal hearing, and whether the Court should exercise its pendant jurisdiction to hear plaintiff's claim that the union violated its constitution and by-laws in suspending plaintiff.

"*1. Trusteeship Claim*

"Title III of the LMRDA includes a list of the purposes for which a labor organization may establish a trusteeship over a subordinate body, 29 U.S.C. § 462, and provides for enforcement by civil action if provisions of the title are violated, 29 U.S.C. § 464. The legislative history of the act reveals that Congress enacted these sections with a concern for preventing certain improper uses of trusteeships. Examples provided are consolidating the power of corrupt officials, plundering the resources of local unions, or stifling the growth of political competition within the union. *See* S.Rep. No. 187, 86th Cong., 1st Sess. (1959) *reprinted in U.S.Code Cong. & Ad.News* [2318], 2333; H.R.Rep. No. 741, 86th Cong., 1st Sess. (1959) *reprinted in U.S.Code Cong. & Ad.News* [2424], 2435.

"Defendant argues that plaintiff's claim for individual damages is not cognizable under § 464, which applies only to claims on behalf of subordinate union bodies. To support his claim to an individual right of action, plaintiff cites *Higgins v. Harden*, 644 F.2d 1348 (9th Cir.1981), in which the court allowed damages to a union organizer who claimed that the international union had imposed an unlawful trusteeship and was therefore without authority to discharge the organizer from his position. That decision apparently assumes that there is an individual right of action under §§ 462 and 464, but the court does not discuss the issue. In response, defendant raises the question whether the result in *Higgins* can survive the Supreme Court's decision in *Finnegan v. Leu*, 456 U.S. 431 [102 S.Ct. 1867, 72 L.Ed.2d 239] (1982). In that case, the Court ruled that the 'bill of rights' provisions of Title I of the LMRDA were intended to protect rank-and-file union members and not the positions of appointed union officers and employees.

"In light of the legislative history of Title III of the LMRDA and the Supreme Court's ruling in *Finnegan,* this Court finds that there is no cause of action for individual damages under §§ 462 and 464. Any right of action pursuant to those sections belongs to the subordinate union, and while a union member may sue to enforce the act's provisions, such suits should be limited to relief on behalf of the union. As the Supreme Court concluded in the Title I context, this Court concludes that nothing in the legislative history of Title III indicates an intent to protect the positions of union officers and employees. Accordingly, plaintiff's first claim for relief will be dismissed.

"*2. Bill of Rights Claim*

"Plaintiff's third claim for relief is framed under 29 U.S.C. § 411(a)(5), which provides the following safeguards against improper union disciplinary action:

No member of any labor organization may be fined, suspended, expelled or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

"In contrast to Title III, Title I of the act clearly is intended to protect the individual rights of union members. It was not, however, intended to protect the positions of union officers or employees; *see Finnegan v. Leu, supra, see also Adams-Lundy v. Association of Professional Flight Attendants,* 731 F.2d 1154 (5th Cir.1984). Plaintiff may recover under § 411(a)(5) only to the extent that his membership rights were affected by the union disciplinary proceeding. Membership rights include the right to run for union office. Accordingly, the order making plaintiff ineligible for union office for five years is within the scope of § 411(a)(5). *See Sullivan v. Laborers' International Union of North America,* 707 F.2d 347, 350 (8th Cir.1983).

"Therefore, plaintiff has stated a claim under Title I. However, his failure to participate in the trial conducted by the union committee bars his suit in this forum because he has not exhausted the union's reasonable hearing procedures. The exhaustion requirement is set forth in Article L, Section 16 of the union's constitution, and this requirement is authorized by 29 U.S.C. § 411(a)(4).

"Although plaintiff contends that he could not prepare a defense to the five additional charges, the transcript of the union proceedings attached to defendants' Motion establishes that plaintiff did not attempt to defend either the additional charges, or the 18 charges initially filed more than five months before the hearing date. He characterized the proceeding as the result of an 'ongoing witch-hunt' by defendant Dugan, and stated: 'I will not dignify this proceeding with my presence nor by defending myself.... And, I will not defend nor attempt to defend against these underhanded and created circumstances by which I am called upon before you today.' Transcript. p. 30.

"The purposes of Title I are not served if disgruntled union members refuse to participate in the union's reasonable hearing procedures. In light of his refusal, plaintiff may not complain now that he was denied due process. Accordingly, his third claim for relief will be dismissed.

"*3. State Law Claim*

"Plaintiff's second claim for relief asserts violations of the union's constitution and by-laws. Acknowledging that this is a claim under state law, plaintiff urges the Court to hear his claim under pendant jurisdiction. Because this Court is dismissing plaintiff's federal claims, the state law claim will be dismissed without prejudice.

"It is

"ORDERED that defendants' Motion for Summary Judgment is granted. It is

"FURTHER ORDERED that plaintiff's first and third claims for relief are dismissed with prejudice. It is

"FURTHER ORDERED that plaintiff's second claim for relief is dismissed without prejudice."

 We have reviewed the record, arguments and authorities on appeal from this order granting summary judgment. We conclude that the trial court correctly set forth the controlling principles of law. The first claim was properly dismissed for lack of standing. We further conclude that the trial court exercised sound discretion in declining to entertain the third claim for failure to exhaust proper internal union remedies. The pendant state claim thus was also properly dismissed.

AFFIRMED.