**Mark J. SCHERTEL and Marie M. Schertel**

v.

**Harold REX, Kenneth Henry, and Harry Gruber, Supervisors of Lynn Township, and Lynn Township, Lehigh County.**

**Civ. A. No. 89–7997.**

United States District Court, E.D. Pennsylvania.

March 6, 1991.

---

**1003**

Lawrence Sager, Pottstown, Pa., for plaintiff.

David G. Welty, Allentown, Pa., for defendant.

---

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs Mark and Marie Schertel brought this action under section 1983 of the Civil Rights Act alleging that defendants took their property without just compensation and due process. Defendants, Lynn Township and three of its supervisors, filed a motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. For the reasons set forth below, I shall grant defendants' motion.

## I. STANDARD OF REVIEW

In resolving a motion to dismiss, the court must accept as true all the well-pleaded allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable interpretation of the pleadings, the plaintiff may be entitled to relief. *Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 506 (3d Cir.1985); *Hel-*

*stoski v. Goldstein*, 552 F.2d 564, 565 (3d Cir.1977) (per curiam).

## II. FACTUAL BACKGROUND

Plaintiffs are the owners of a tract of land in Lynn Township that is transversed by a township road known as Ulrich Mill Road. On January 23, 1989, and various times thereafter, defendants were responsible for the widening of Ulrich Mill Road. Prior to January of 1989, Ulrich Mill Road was between ten to fifteen feet in width; after January of 1989, Ulrich Mill Road was approximately eighteen feet in width. Plaintiffs assert that, as a result of defendants' actions, a fence located near and adjacent to Ulrich Mill Road was "damaged, taken down, and removed."

Defendants assert that they had a right to widen Ulrich Mill Road without just compensation or due process pursuant to the provisions of the Second Class Township Code. *See* Copies of Letters from the Solicitor of Lynn Township, David G. Welty, Esquire dated February 15, 1989 and February 21, 1989 attached to the Original Complaint. The applicable statute upon which defendants rely for their authority to widen Ulrich Mill Road is section 66105 of the Second Class Township Code which provides as follows:

Every road not of record which has been used for public travel and maintained and kept in repair by the expenditure of township funds for a period of at least twenty-one years and upwards shall be deemed to be a public road of the width of thirty-three feet notwithstanding the fact that there is no public record of the laying out of such road or a dedication thereof for public use. In all such cases the lawful laying out and opening or dedication of such roads of the width hereinbefore specified shall be conclusively presumed.

Pa.Stat.Ann. tit. 53, § 66105.

Plaintiffs' contend that this statute is unconstitutional and that, by widening Ulrich Mill Road, defendants took their property without just compensation and due process, "thereby depriving plaintiffs of their rights ... secured to them by the

Constitution of the United States, particularly the 5th and 14th Amendments thereof." Plaintiffs request an injunction preventing defendants from any further interference with their property rights and seek compensatory and punitive damages.

Relying on *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), defendants maintain that this court does not have subject matter jurisdiction over this action because plaintiffs's claims are not ripe for disposition in that plaintiffs have not yet attempted to obtain just compensation through the procedures provided by the Commonwealth of Pennsylvania.

## III. DISCUSSION

The fifth amendment of the United States Constitution provides that "private property [shall not] be taken for public use, without just compensation." The fifth amendment does not preclude governments from taking private property, but merely requires the payment of just compensation if property is taken. *First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 314–16, 107 S.Ct. 2378, 2385–87, 96 L.Ed.2d 250 (1987); *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 194, 105 S.Ct. 3108, 3120, 87 L.Ed.2d 126 (1985). It is only when a government refuses to pay just compensation after a taking has occurred that there is a constitutional violation of the fifth amendment. Moreover, there is no right that "just compensation be paid in advance of, or contemporaneously with, the taking." *Williamson*, 437 U.S. at 194, 105 S.Ct. at 3120. All that is required is that an adequate process for obtaining compensation exist at the time of the taking. *Id.* Therefore, no constitutional violation of the fifth amendment occurs until just compensation has been denied.

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the United States Supreme Court held that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195, 105 S.Ct. at 3121.[1] The Court also held that "[t]he nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action." *Id.* at 194 n. 13, 105 S.Ct. at 3120 n. 13. Therefore, the Court concluded that the failure of the plaintiff to avail himself of the inverse condemnation procedures provided for under Tennessee law rendered his taking and due process claims premature.

The laws of Pennsylvania adequately protect plaintiffs' property interests. Article 1, section 10 of the Pennsylvania Constitution provides in pertinent part:

> [N]or shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured.

Furthermore, the Eminent Domain Code provides that "[t]he condemnee shall be entitled to just compensation for the taking, injury, or destruction of his property, determined as set forth in this article." Pa.Stat.Ann. tit. 26, § 1–601. Section 1–502(e) of the Eminent Domain Code provided plaintiffs with the following remedy:

> If there has been a compensable injury suffered and no declaration of taking thereof has been filed, a condemnee may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) of this section setting forth such injury.

Pa.Stat.Ann. tit. 26, § 1–502(e).

If, as plaintiffs suggest, defendants have taken their property and compensation is

---

1. In *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, California*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), the Supreme Court reaffirmed its holding in *Williamson*. In *First English*, the Court stated that "[o]ur cases have also required that

one seeking [just] compensation must 'seek compensation through the procedures the State has provided for doing so' before the claim is ripe for review." *Id.* at 312 n. 6, 107 S.Ct. at 2384 (quoting *Williamson*, 473 U.S. at 194, 105 S.Ct. at 3120).

due, plaintiffs have the right to file a petition under section 1–502(e). *See, e.g., Redevelopment Authority of Oil City v. Woodring,* 498 Pa. 180, 445 A.2d 724 (1982). Furthermore, section 1–609 of the Eminent Domain Code provides that a condemnee petitioning under section 1–502(e) may recover "reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred." Section 1–612 of the Eminent Domain Code provides that the condemnor shall be liable for consequential damages to property of the condemnee abutting the area actually taken. Accordingly, plaintiffs have a complete and adequate remedy under Pennsylvania law, and their failure to avail themselves of that remedy renders their present claims premature. Unless and until plaintiffs are denied just compensation, no constitutional violation has occurred.

At this juncture of the case, it is impossible for plaintiffs demonstrate that plaintiffs have been deprived of property in violation of United States Constitution. There has not yet been a taking of property without just compensation. Therefore, until the state courts have resolved whether there has been a taking and, if so, what remedy is available to plaintiffs, plaintiffs' claims are not ripe for disposition in federal court.[2] *See Abbiss v. Delaware Dep't of Transp.,* 712 F.Supp. 1159, 1163–64 (D.Del. 1989). Pennsylvania courts should be afforded the initial opportunity to interpret section 66105 of the Second Class Township Code, 53 P.S. § 66105, and to ascertain its constitutionality.

My conclusion that plaintiffs' claims are *not* ripe for disposition comports with the notion of comity between state and federal courts as well as the notion of federalism. "To assume jurisdiction in a case of this type would mean the opening of a floodgate to a multiplicity of federal actions involving all aspects of state eminent domain proceedings which in truth should be adjudicated under state procedures and in state forums." *Collier v. City of Springdale,* 733 F.2d 1311, 1317 (8th Cir.1984)

(quoting *Light v. Blackwell,* 472 F.Supp. 333, 338 (E.D.Ark.1979)).

### III. CONCLUSION

Plaintiffs' claims are *not* ripe for disposition in federal court because plaintiffs have *not* yet availed themselves of the remedies available under the Pennsylvania Eminent Domain Code. Accordingly, plaintiffs' complaint shall be dismissed without prejudice.

---

**2.** Plaintiffs' due process claim is as premature as their taking claim. If the state court determines that there was no taking, then plaintiffs' due process claims will be greatly affected.