Tom **ANDERSON**, Dave Schauerhamer, Wayne Patterson, James Patterson, Patterson Construction, Inc., a Utah corporation, Dorothy Schauerhamer, A. William Brian, Marilyn Nixon, Tom Nixon, Gary Woodruff, Brent Lind, Grant Gifford, Karen England, and George England, Plaintiffs,

v.

**ALPINE CITY**, a municipal corporation, Elaine Barnes, Brad Tibbitts, Steve Denlar, Dale Bentley, Barbara Williams, Robert Smith, Merlin Fish, John Does 1 through 75, Defendants.

Civ. No. 90–C–312A.

United States District Court,
D. Utah.

Oct. 5, 1992.

530 (rejecting confrontation clause challenge to admission of breathalyzer test results).

Stanley R. Smith, American Fork, Utah, for Patterson plaintiffs.

Richard M. Rappaport, Cohne, Rappaport & Segal, Salt Lake City, Utah, for Nixons & Schauerhamers.

Jody K. Burnett, Williams & Hunt, Salt Lake City, Utah, for defendants.

ORDER GRANTING DEFENDANTS' MO-
TION    TO    DISMISS    SECOND
AMENDED    COMPLAINT    AND
AMENDED COMPLAINT

ALDON J. ANDERSON, Senior District Judge.

This matter comes before the court on the Defendants' Motion to Dismiss the Plaintiffs' Second Amended Complaint and Amended Complaint, to the extent any of the above-named plaintiffs rely upon it.[1] The court heard oral argument on August 28, 1992, and took the matter under advisement. Jody K. Burnett of Williams & Hunt, Salt Lake City, Utah, represented

---

1. The Amended Complaint applies to all of the Plaintiffs, but the Second Amended Complaint applies exclusively to the Patterson Plaintiffs. The Amended Complaint alleges two violations of the United States Constitution, a Fifth Amendment Just Compensation Clause, or takings, claim and a Fourteenth Amendment Equal Protection Clause claim, and several state law claims. Because the allegations of the Amended Complaint involve similar facts and similar claims, the court's analysis applies with equal force to all plaintiffs and to both the Amended Complaint and the Second Amended Complaints.

Alpine City and the individual defendants [hereinafter collectively referred to as Defendants]. Stanley R. Smith of American Fork, Utah, represented plaintiffs Wayne Patterson, James Patterson, & Patterson Construction, Inc. Richard M. Rappaport of Cohne, Rappaport & Segal, Salt Lake City, Utah, appeared for plaintiffs Marilyn Nixon, Tom Nixon, Dorothy Shauerhamer, and Dave Shauerhamer.[2] The court, having reviewed the record and the applicable law, grants Defendants' Motion to Dismiss, and accordingly, dismisses, without prejudice, the Second Amended Complaint and the Amended Complaint, to the extent that it survived the filing of the Second Amended Complaint.

## I. BACKGROUND

The Plaintiffs[3] contend that the city acted in an arbitrary and capricious manner and that requirements imposed on Plaintiffs' developments neither were rationally related to the city's purpose nor bore a nexus to any purpose outlined in the city's ordinances. From these allegations, Plaintiffs argue violations of the Just Compensation Clause of the Fifth Amendment, of substantive and procedural due process and the Equal Protection Clause of the Fourteenth Amendment, and numerous federal and state laws. At the core of Plaintiffs' complaint is their allegation that Defendants either refused to approve, or placed unreasonable conditions on, development because Defendants believed that the Pattersons built an inferior quality of home. Because the city sought the development of more expensive homes, the city allegedly thwarted the Plaintiffs' efforts. Plaintiffs' contentions are primarily based on two ongoing problems: (1) the allegedly unreasonable conditions and fees Defendants required the Pattersons to pay as a condition of final approval; and (2) the negative conduct and statements by the individual defendants concerning the Pattersons' development proposals.

The backdrop for Plaintiffs' allegations arose over five years ago, when prior to 1987, Alpine City adopted several ordinances relating to property development in the city, including a subdivision ordinance and a water policy, and established procedures, permits, and fees pertaining thereto. During the years 1987 through 1989, the Plaintiffs took all steps necessary under existing ordinances to obtain approval for several developments in Alpine City, including the Box Elder, East Mountain, Fort Creek, and River Meadow Developments. Plaintiffs were delayed, however, because of an eighteen-month building moratorium imposed by Alpine City which was scheduled to end on November 28, 1989. Additional delays arose in early 1990 when the city extended the moratorium while it sought to develop a new master plan. During this period, the Plaintiffs were informed that their subdivision proposals which had previously been granted concept approval would be delayed indefinitely until the city could implement new regulations and requirements to govern subdivisions. Finally, as of July 10, 1990, the city had granted final approval on all proposals submitted by the Plaintiffs. Despite this approval, Plaintiffs have been permitted to develop only two of 175 lots.

Although Plaintiffs include with their opposing memorandum several pages detailing the conditions imposed and the problems encountered, the court only summarizes the substance of these concerns. Plaintiffs first allege that Alpine City placed unreasonable conditions on their developments. These conditions included numerous off-site improvements to be made at the Plaintiffs' expense, many of which would improve other subdivisions or existing property. Further, the Plaintiffs contend that they were required to pay lot fees far in excess of those contemplated at the time of final approval. While these, and other, requirements were imposed on the Plaintiffs, other similarly situated develop-

2. Hereinafter the court will refer to the plaintiffs collectively as "Plaintiffs."

3. Plaintiffs Wayne Patterson, James Patterson, and Patterson Construction, Inc. jointly submit-

ted a Memorandum in Opposition to Defendants' Motion. The other plaintiffs did not submit opposing memoranda. Plaintiff Tom Anderson has been dismissed by stipulation.

ers who had proposed similar developments allegedly were granted approval and allowed to proceed without being subject to similar conditions and fees. Plaintiffs also allege that in some instances the city granted approval to officials or relatives of officials without compliance with even the most minimal requirements mandated by city ordinances.

Plaintiffs also object to the procedures used by the city in its approval process. Plaintiffs allege that they encountered frequent, lengthy delays in their proposals and requests; that they were denied the opportunity to speak at hearings; that, at hearings of the Alpine City council, they were frequently left off the agenda; and that they encountered a general resistance from city officials. Finally, Plaintiffs allege that city officials were aware of their potential civil liability and of the possible violation of Plaintiffs' constitutional rights.

## II. DISCUSSION

*A. Section 1983: Motion to Dismiss*—Plaintiffs seek recovery under 42 U.S.C. § 1983. They claim violations of the Just Compensation Clause of the Fifth Amendment; of substantive and procedural due process of the Fourteenth Amendment; and of the Equal Protection Clause of the Fourteenth Amendment.[4] Plaintiffs also append numerous claims under Utah state law.

"Before a successful claim can be brought under 42 U.S.C. § 1983, a plaintiff must demonstrate that he has been deprived of a federal right, and that the right's deprivation was under color of state law." *Gunkel v. City of Emporia,* 835 F.2d 1302, 1303 (10th Cir.1987) (citing *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). Because the actions of Alpine City and its officials alleged in the complaint involve the city in its zoning capacity, it is undisputed that the actions

arose under the color of state law. Therefore, to be successful with their claim, the Plaintiffs must show a deprivation of a federal right.

In response, Defendants contend that the Plaintiffs' claims are unripe. Motions to dismiss which raise the ripeness issue, such as Defendants' motion, are treated as motions to dismiss for lack of subject matter jurisdiction. *St. Clair v. City of Chico,* 880 F.2d 199 (9th Cir.), *cert. denied,* 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989). Subject matter jurisdiction is an absolute prerequisite for continuance of an action in federal district court. *Trinanes v. Schulte,* 311 F.Supp. 812 (S.D.N.Y.1970). Whenever it appears that subject matter jurisdiction is lacking, the court is duty bound to dismiss the action. *Oppel v. Empire Mut. Ins. Co.,* 92 F.R.D. 494 (E.D.N.Y.1981). Therefore, if it appears beyond doubt that any of the Plaintiffs' claims are unripe, the court must dismiss those claims. *Calhoun v. United States,* 475 F.Supp. 1 (E.D.Cal. 1977), *aff'd,* 604 F.2d 647 (9th Cir.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1029, 62 L.Ed.2d 761 (1980).

*B. Fifth Amendment Claim*—Plaintiffs allege a taking of property without just compensation in violation of the Fifth Amendment's Just Compensation Clause. Specifically, plaintiffs assert that their property was taken when the city placed moratoria and conditions, some of which were beyond the control of the Plaintiffs, on the development of their property. Additionally, Plaintiffs allege that Alpine City, through its officials, has stated its opposition to Plaintiffs' developments. Plaintiffs further argue that, because they have complied with conditions imposed by Alpine City on development and have still been unable to develop, they need not await final action on those plats still in the approval process.

Prior to bringing a Fifth Amendment takings claim in the federal court, a plaintiff must receive a final determination

---

4. The Patterson Plaintiffs also had alleged violations of the Interstate Commerce Clause, of the right to travel, and of the Federal Fair Housing Act. At oral argument, they withdrew these claims. Therefore, the court will give these claims no further consideration.

concerning the property from a regulatory body and must utilize state procedures, if available, for obtaining just compensation. *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). "[A] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding application of the regulations to the property at issue." *Id.* at 186, 105 S.Ct. at 3116.[5] The policy underlying the court's reluctance to find a taking prior to final governmental action "is compelled by the very nature of the Just Compensation Clause." *Id.* at 190, 105 S.Ct. at 3118. Those factors relevant to the Fifth Amendment takings inquiry, namely economic impact of the challenged action and the extent to which the action interferes with the reasonable investment-backed expectations of the landowner, "cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question." *Id.* at 191, 105 S.Ct. at 3119. Therefore, to the extent that the complaint involves property which has not received final action from the city, it is dismissed.

■ In an attempt to escape *Williamson's* finality requirement, Plaintiffs assert the futility exception: that the delays they have encountered render the finality requirement futile, and therefore, obviate the need to await a final decision. This court disagrees with the Plaintiffs' argument. First, the futility exception is not available in the Tenth Circuit "unless it is 'clear beyond peradventure that excessive

delay in such a final determination [would cause] the present destruction of the property's beneficial use.'" *See Landmark Land Co. v. Buchanan,* 874 F.2d 717, 721 (10th Cir.1989) (quoting *Norco Constr., Inc. v. King County,* 801 F.2d 1143, 1145 (9th Cir.1986)). Plaintiffs' allegations of futility fall short of this standard.

Nevertheless, "the best support for a claim of futility is completion of the steps mandated by *Williamson County.*" *Id.* at 722. *Williamson* mandates that, at a minimum, the landowner should seek just compensation from the state. *Id.* Plaintiffs have not done this, and therefore, can find no refuge in the futility exception. Moreover, Plaintiffs have encountered minimal delays compared with the *Williamson* plaintiffs whose claim was held unripe despite eight years of waiting for a final decision. *Williamson,* 473 U.S. at 191, 105 S.Ct. at 3119. Consequently, the court dismisses the claims concerning the unapproved plats on grounds that the claims are not ripe.

■ Plaintiffs next argue that the conditions imposed by Alpine City, such as the allegedly excessive fees and the off-site improvements, effectively prevent development, and consequently, constitute a taking. Plaintiffs, however, have not sought redress through any procedure offered by the state of Utah, but rather have proceeded directly to federal court. The *Williamson* court also established that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." [6] *Williamson,* 473 U.S. at 195, 105

**5.** The finality requirement is firmly established in Tenth Circuit law. *See Rocky Mountain Materials & Asphalt, Inc. v. El Paso County,* 972 F.2d 309 (10th Cir.1992); *J.B. Ranch, Inc. v. Grand County,* 958 F.2d 306 (10th Cir.1992); *Miller v. Campbell County,* 945 F.2d 348 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1991); *National Advertising Co. v. City and County of Denver,* 912 F.2d 405 (10th Cir.1990); *Landmark Land Co. v. Buchanan,* 874 F.2d 717 (10th Cir.1989); *ACORN v. City of Tulsa,* 835 F.2d 735 (10th Cir.1987).

**6.** The exhaustion of state procedures requirement, like the finality requirement, is an established principle in the Tenth Circuit. *See Rocky Mountain Materials & Asphalt, Inc. v. El Paso County,* 972 F.2d 309 (10th Cir.1992); *J.B. Ranch, Inc. v. Grand County,* 958 F.2d 306 (10th Cir.1992); *Miller v. Campbell County,* 945 F.2d 348 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1991); *National Advertising Co. v. City and County of Denver,* 912 F.2d 405 (10th Cir.1990); *Landmark Land Co. v. Buchanan,* 874 F.2d 717 (10th Cir.1989);

S.Ct. at 3121. As with the finality requirement, the nature of the Fifth Amendment compels this result. The Fifth Amendment does not proscribe the taking of property, but rather requires that if property is taken that the landowner be justly compensated. *Id.* at 194, 105 S.Ct. at 3120. Further, the Fifth Amendment does not mandate that just compensation be paid in advance or contemporaneous with the taking, but rather that some adequate state provision for obtaining reasonable compensation exist at the time of the taking. *Id.*

■ The State of "Utah provides aggrieved owners means through which to obtain just compensation." *J.B. Ranch, Inc. v. Grand County,* 958 F.2d 306, 308 (10th Cir.1992) (citing Utah Const. art. I, § 22). In *J.B. Ranch,* the Tenth Circuit upheld a trial court's dismissal of a Fifth Amendment takings claim for lack of ripeness because the property owner had not filed a claim for just compensation as provided by article I, section 22 of the Utah Constitution. *Id.* at 308–09. Similarly, Plaintiffs in this case have not sought just compensation pursuant to article I, section 22. "Because the plaintiffs have not yet been turned away empty-handed, it is not clear whether their property has been taken without just compensation." *Miller v. Campbell County,* 945 F.2d 348, 352 (10th Cir.), *cert. denied,* ——— U.S. ———, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1991). Therefore, to the extent that the Plaintiffs' Fifth Amendment takings claim involves plats that have received conditional approval by Alpine City, it is unripe, and accordingly, is dismissed.

*C. Fourteenth Amendment Claims*— Plaintiffs allege Fourteenth Amendment violations of procedural and substantive due process and of equal protection. They base their procedural due process claim on inadequacy of notice and hearing prior to decisions concerning their property. Plaintiffs' substantive due process claim is based on Defendants' allegedly arbitrary and capricious rejection of Plaintiffs' development; and their equal protection claim is based upon the allegedly dissimilar treatment

which Defendants accorded similarly situated landowners.

Defendants assert that Plaintiffs' Fourteenth Amendment claims are unripe. Specifically, they argue that the property interest affected by the Fourteenth Amendment claims is the exact property interest affected by Plaintiffs' Fifth Amendment takings claim, namely the right to develop the property. Because the Fifth Amendment claim is unripe, Defendants assert that the Fourteenth Amendment claim, which is coextensive with the Fifth Amendment claim, is also unripe. ·

In response, Plaintiffs contend that the Fourteenth Amendment rights allegedly violated are not coextensive with the Fifth Amendment takings claim. They argue that Defendants' alleged violation of Plaintiffs' Fourteenth Amendment rights occurred independent from the alleged Fifth Amendment taking and involved rights distinct from Fifth Amendment rights. Consequently, Plaintiffs seek a different ripeness standard for the Fourteenth Amendment claims. The Tenth Circuit, on three occasions, has addressed under what circumstances a trial court confronted with an unripe takings claim should dismiss accompanying Fourteenth Amendment claims.

Initially, in *Miller v. Campbell County,* 945 F.2d 348, 351 (10th Cir.1991), property owners from a condemned subdivision filed suit in federal court after the county declared their property uninhabitable. The property owners alleged Fifth Amendment takings and Fourteenth Amendment substantive and procedural due process violations. *Id.* at 350. The court held that the Fifth Amendment claim was unripe because the property owners had an inverse condemnation proceeding pending with the state. *Id.* at 352. As to the Fourteenth Amendment claims, the court determined that

> [b]ecause the Just Compensation Clause of the Fifth Amendment imposes very specific obligations upon the government when it seeks to take private property, we are reluctant in the context of a fac-

*ACORN v. City of Tulsa,* 835 F.2d 735 (10th Cir.1987).

tual situation that falls squarely within that clause to impose new and potentially inconsistent obligations upon parties under the substantive or procedural components of the Due Process Clause. It is appropriate in this case to subsume the more generalized Fourteenth Amendment due process protections within the more particularized protections of the Just Compensation Clause.

*Id.* (footnote omitted).

In short, the *Miller* court held that, because the Fourteenth Amendment claims involved the exact property interest involved in the Fifth Amendment claim, the Fourteenth Amendment claims, like the Fifth Amendment claim, were unripe. *Id.* Thus, after *Miller*, the lodestar for determining whether Fourteenth Amendment claims were unripe is whether the Fourteenth Amendment claims involve the exact property interest affected by the Fifth Amendment claim.[7]

This question again confronted the Tenth Circuit in *J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306 (10th Cir.1992). In *J.B. Ranch*, a ranch owner alleged a Fifth Amendment taking after a county declared that roads within his ranch were open to public use. *Id.* at 307. The Tenth Circuit upheld the trial court's dismissal of the ranch owner's takings claim on ripeness grounds because the ranch owner had not pursued just compensation remedies available under the Utah Constitution. *Id.* at 308–09. Although recognizing that certain intangible rights merit the protection of Fourteenth Amendment procedural due process even when the infringement falls short of a Fifth Amendment taking, the *J.B. Ranch* court, quoting *Miller*, determined that the ranch owner's claim fell within the Fifth Amendment, and conse-

quently, upheld dismissal of the Fourteenth Amendment claims. Although not expressed in its reasoning, the *J.B. Ranch* court apparently concluded that Fourteenth Amendment claims which involve the exact property interest as an unripe Fifth Amendment takings claim are also unripe.

Most recently, in *Rocky Mountain Materials & Asphalt, Inc.*, 972 F.2d 309 (10th Cir.1992), the Tenth Circuit refined the *Miller* analysis. In *Rocky Mountain Materials*, a mine owner alleged that the revocation of its mining permit constituted a Fifth Amendment taking and a Fourteenth Amendment due process violation. The Tenth Circuit, reviewing the trial court's dismissal of the takings claim as unripe, addressed under what circumstances a trial court confronted with an unripe takings claim should dismiss accompanying Fourteenth Amendment claims. Under the *Rocky Mountain Materials* analysis, if a landowner brings a takings claim together with Fourteenth Amendment claims and the takings claim is unripe, the court will dismiss the Fourteenth Amendment claims if "[t]he property interest supporting the due process claim ... is exactly the same one that ... has resulted in the complete taking of ... property without just compensation." *Id.* at 311. Applying this test, the court found that the property interest supporting the due process claim, the right to conduct mining activities on the land, was identical to the interest taken without just compensation. *Id.* Consequently, the two alleged losses were coextensive, and the takings and the due process claims were unripe. *Id.*

The *Rocky Mountain Materials* analysis applies to the present case and mandates that the court dismiss the Plaintiffs' Fourteenth Amendment claims.

---

**7.** The *Miller* court acknowledged that the Ninth Circuit had adopted a different analysis. *Id.* at 353 (citing *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398 (9th Cir.1989), *cert. denied*, 494 U.S. 1016, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990)). In *Sinaloa Lake*, the Ninth Circuit held that a takings claim was unripe, but that plaintiffs' procedural and substantive due process claims were viable. The *Sinaloa Lake* court based this decision on its finding that the property interest affected by the Fifth Amend-

ment claim was distinct from the property interest affected by the Fourteenth amendment claim. Although not expressly rejecting the *Sinaloa Lake* analysis, the *Miller* court indicated that "[b]ecause the facts of that case are so different from the facts of this case, we cannot say that we are in conflict with *Sinaloa Lake*." *Miller*, 945 F.2d at 353. Unanswered in this analysis were the circumstances that might persuade the Tenth Circuit to apply *Sinaloa Lake*.

Plaintiffs' Fifth Amendment takings claim rests on their alleged right to develop their property. This is the identical right that supports the due process and the equal protection claims. Thus, the Fourteenth Amendment claims are coextensive with the takings claim. Because the takings claim subsumes the Fourteenth Amendment claims and because the takings claim is unripe, the court concludes that the Fourteenth Amendment claims are unripe. Accordingly, all Plaintiffs' Fourteenth Amendment claims are dismissed.

■ *D. Pendent State Claims*—After dismissal of the federal constitutional claims, only claims under state law remain. The court declines to exercise jurisdiction over these claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Gesink v. Lodge 86, Int'l Ass'n of Machinists*, 831 F.2d 214 (10th Cir.1987). More specifically, retention of pendent state law claims after dismissal of federal question claims is an abuse of discretion absent unusual circumstances indicating that prejudice would arise from relegating the case for trial in a state court. *See Nolan v. Meyer*, 520 F.2d 1276 (2nd Cir.), *cert. denied*, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975). Such unusual circumstances do not exist in this case. Accordingly, the court dismisses Plaintiffs' state law claims.[8]

■ *E. Individual Defendants*—Each of the Plaintiffs' claims have been presented against Alpine City and also against individual officials of Alpine City. The individual defendants acknowledge, and the court agrees, that absolute immunity, which protects municipal officials involved in legislative functions, does not apply in this case. They contend, however, that they are protected from civil liability by the doctrine of qualified immunity. Plaintiffs argue that the individual defendants are protected by neither absolute nor qualified immunity.

The doctrine of qualified immunity provides that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate *clearly established* statutory or constitutional rights of which a *reasonable person* would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (emphasis added). Underlying this rule is the policy that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or the burdens of far-reaching discovery." *Id.* at 817–818, 102 S.Ct. at 2738.

Before determining whether qualified immunity applies, however, the court first must determine whether the plaintiffs have alleged a constitutional violation. *See Siegert v. Gilley*, — U.S. —, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Silver v. Franklin Township Bd. of Zoning App.*, 966 F.2d 1031, 1035 (6th Cir.1992). In *Silver*, the Sixth Circuit reviewed the trial court's dismissal on summary judgment of the Fifth Amendment takings claim and the Fourteenth Amendment due process and equal protection claims of a developer who had been denied a conditional zoning certificate on a proposed subdivision. *Silver*, 966 F.2d at 1034. The Sixth Circuit affirmed the trial court's dismissal of the Fifth Amendment claim[9] and of the Fourteenth Amendment claims, but held that the trial court erred in dismissing the Fourteenth Amendment claims against the individual defendants on qualified immunity grounds. *Id.* at 1035. "[B]efore reaching a qualified immunity issue a court should determine whether there has been a constitutional violation at all." *Id.* The trial court had not made this determination. *Id.* The Sixth Circuit, undertaking this determi-

---

**8.** Effective December 1, 1990, Congress modified the rules of pendent jurisdiction. *See* 28 U.S.C. § 1367 (1990). Because Plaintiffs' claim was filed on April 3, 1990, the newly codified rules of supplemental jurisdiction which replace the former rules of pendent jurisdiction do not apply.

**9.** The developer's Fifth Amendment takings claim was dismissed because it was unripe. *Silver v. Franklin Township Bd. of Zoning App.*, 966 F.2d 1031, 1035 (6th Cir.1992).

nation, found the developer's Fourteenth Amendment claims without merit and dismissed accordingly. *Id.* at 1036.

Because the Tenth Circuit has not applied *Siegert* in the context of a zoning dispute,[10] the Sixth Circuit's *Silver* analysis, although not controlling, is instructive. The court cannot determine whether qualified immunity applies until it first determines that there has been a violation of a constitutional right. *See id.* at 1035. However, Plaintiffs have not alleged a separate violation of a constitutional right against the individual defendants. Rather, their allegations apply collectively to Alpine City and to the individual defendants. As previously discussed, the Fifth Amendment Just Compensation Clause claim is unripe because Plaintiffs have not sought just compensation through available state procedures. Similarly, the Fourteenth Amendment Due Process and Equal Protection Clause claims are unripe because the rights allegedly violated are coextensive with the takings claim. Consequently, because Plaintiffs have not set forth allegations unique to the individual defendants, and because the constitutional claims, both under the Fifth and the Fourteenth Amendments, are unripe, the court cannot conclude that Plaintiffs have alleged separate ripe claims against the individual defendants. Therefore, the court dismisses all claims against the individual defendants, because the claims are not ripe.

### III. CONCLUSION

The court dismisses without prejudice all claims, both state and federal. The takings claim is unripe, in part, because Plaintiffs have not received final action from Defendants, and as to those plats upon which Defendants have finally acted, because the

Plaintiffs have not sought just compensation through available state procedures. The court finds the Fourteenth Amendment claims coextensive with the takings claims; therefore, the Fourteenth Amendment claims also are dismissed for lack of ripeness. Without federal claims, only state law claims remain. The court declines to exercise jurisdiction over the state law claims, and therefore, dismisses them. Finally, the court dismisses the claims against the individual defendants because they are unripe.[11]

IT IS SO ORDERED.

---

**10.** Two Tenth Circuit cases have cited *Siegert. See Workman v. Jordan,* 958 F.2d 332 (10th Cir.1992); *Salmon v. Schwarz,* 948 F.2d 1131 (10th Cir.1991); *see also Sanchez v. Sanchez,* 777 F.Supp. 906, 913 (D.N.M.1991) ("[C]ourts should determine whether plaintiff has satisfactorily alleged a violation of his constitutional or statutory rights before going on to consider whether a defendant is entitled to qualified immunity.")

**11.** Defendants had moved to strike the exhibits and affidavits submitted with Plaintiffs' Memorandum in Opposition on the ground that they are inadmissible under the Federal Rules of Evidence. Because of the court's resolution of this matter, it is unnecessary to rule on Alpine City's Motion to Strike Affidavits and Exhibits.