Thomas BARANOWSKI, Vicki Baranowski, Richard Gibble, Nancy Gibble, Elwood D. Ludwick, Patricia A. Ludwick, David Noel and Donna Noel, Plaintiffs,

v.

BOROUGH OF PALMYRA, North Londonderry Township, Ross Watts, Karen Koncle, Ray D'Agostino, William Fake, Richard Mazzocca, Fred S. Carpenter, Richard H. White, Barry Reigle, Richard E. Calhoun, Ronald E. Fouche, Glen A. Powell, Frank C. Grenoble, Jr., Paul J. Garber, Gordon W. Watts, Mauree Gingrich, and Rettew Associates, Inc., Defendants.

Civ. A. No. 1:CV–94–937.

United States District Court,
M.D. Pennsylvania.

Nov. 2, 1994.

Eugene E. Dice, George Bryan Salzmann, Law Offices of Eugene E. Dice, Harrisburg, PA, for Thomas Baranowski, Vicki Baranowski, Richard Gibble, Nancy Gibble and Elwood D. Ludwick.

Eugene E. Dice, George Bryan Salzmann, Law Offices of Eugene E. Dice, Timothy I. Mark, Caldwell & Kearns, Harrisburg, PA, for Patricia A. Ludwich, David Noel and Donna Noel.

James R. Clippinger, Caldwell & Kearns, Harrisburg, PA, David J. Lanza, Lemoyne, PA, Timothy I. Mark, Caldwell & Kearns, Harrisburg, PA, C. Roy Weidner, Jr., David William DeLuce, Johnson, Duffie, Stewart & Weidner, Lemoyne, PA, for Borough of Palmyra, Ross Watts, Karen Koncle, Ray D'Agostino, William Fake, Richard Mazzocca, Fred S. Carpenter, Richard H. White, Barry Reigle, Richard : Calhoun, Mauree Gingrich.

Paul W. Kilgore, Lebanon, PA, Jeffrey B. Rettig, Peter J. Speaker, Thomas, Thomas & Hafer, Timothy I. Mark, Caldwell & Kearns, Thomas R. Miller, Skarlatos & Zonarich, Harrisburg, PA, for North Londonderry Tp.

Paul W. Kilgore, Lebanon, PA, Jeffrey B. Rettig, Peter J. Speaker, Thomas, Thomas & Hafer, Thomas R. Miller, Skarlatos & Zonarich, Harrisburg, PA, for Ronald E. Fouche, Glen A. Powell, Frank C. Grenoble, Jr., Paul J. Garber and Gordon W. Watts.

Lawrence A. Borda, Timothy J. Bloh, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, PA, for Rettew Associates, Inc.

### MEMORANDUM

CALDWELL, District Judge.

Pending are three motions to dismiss filed by various Defendants. Each motion raises similar legal arguments and we will discuss them together.

## I. BACKGROUND

This case involves property owned by the Plaintiffs in North Londonderry Township, Lebanon County, Pennsylvania. Plaintiffs are four couples who each own a parcel of land on Plaza Drive, in North Londonderry. Defendants are the Borough of Palmyra, its Mayor, borough manager, assistant borough manager, and members of the borough council (collectively "Palmyra Defendants"), North Londonderry Township, its township manager, assistant manager, and board of supervisors (collectively "North Londonderry

Defendants"), and Rettew Associates, Inc. ("Rettew").[1]

Plaintiffs' properties are adjacent to an eight acre parcel of land located in Palmyra known as "Southeast Park". Their land has experienced surface water runoff from the Southeast Park area since the late 1970s and early 1980s. In 1992, the Borough of Palmyra contracted with Rettew to construct a stormwater drainage system to solve longstanding drainage problems in Palmyra. Prior to construction Plaintiffs and other local residents appeared at a public hearing, arguing that the proposed drainage system would adversely affect their properties by increasing the amount of stormwater that flowed over the land. However, Defendant Rettew advised the other Defendants that the plan would actually decrease the amount of peak flow of stormwater through the Southeast Park area, and the plan was approved.

The drainage system, which was completed in September, 1992, discharges stormwater from one hundred eighteen acres in Palmyra and North Londonderry through pipes in Southeast Park onto Plaintiffs' property. After its activation, Plaintiffs' properties received an increased flow of water, exacerbating sinkholes that had developed in the 1980s and increasing erosion. These conditions caused a deprivation in value of Plaintiffs' property and posed a threat to Plaintiffs' health and safety. Plaintiffs allege that all Defendants were responsible for making decisions concerning the construction and implementation of the drainage system, and that they were negligent in performing their duties. Further, they contend that Defendants knew and intended that increased stormwater would be re-routed onto Plaintiffs' property, causing substantial damage.

In Count I, Plaintiffs seek relief pursuant to 42 U.S.C. § 1983 because Defendants' actions allegedly violated their substantive due process rights under the Fourteenth Amendment to the United States Constitution, and amounted to a taking without just compensation in violation of the Fifth and Fourteenth

---

1. The individual Defendants are sued in their official and individual capacities.

Amendments to the Constitution. The remaining counts advance state law tort claims.

## II. *LAW AND DISCUSSION*

### A. *Ripeness*

#### 1. Illegal Takings Claims

Defendants seek dismissal of Plaintiffs' illegal taking claims pursuant to Fed.R.Civ.P. 12(b)(1) because this court lacks subject matter jurisdiction. They contend that the claims are not ripe because Plaintiffs have not sought compensation through condemnation proceedings under the Pennsylvania Eminent Domain Code, which is the appropriate remedy for owners claiming property was improperly taken. 26 P.S. § 1–303. In support, they cite *Williamson Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), which held that "if a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195, 105 S.Ct. at 3121, 87 L.Ed.2d at 144.

 Plaintiffs do not dispute the application of *Williamson* to their claims. Instead, they request that we permit them to amend their complaint to include a state law taking claim, presumably pursuant to the Eminent Domain Code.[2] However, *Williamson* dictates that federal courts may not decide illegal taking claims unless the plaintiff has been denied just compensation by the state. Plaintiffs have not been denied just compensation in Pennsylvania state courts and their taking claims must be dismissed.

#### 2. Substantive Due Process

 The parties have not addressed whether Plaintiffs' substantive due process claims are ripe. Since this issue relates to our jurisdiction, we will address it *sua sponte*. *See Acierno v. Mitchell*, 6 F.3d 970, 974 (3d Cir.1993). We must determine whether the ripeness requirements for illegal taking claims, set forth in *Williamson*, apply

to Plaintiffs' substantive due process claims as well. In *Williamson*, the Court identified a two-part test to determine whether illegal taking claims are ripe: a final administrative decision by the government entity ("finality requirement") and a denial of just compensation through the use of any available state procedures ("just compensation requirement"). *Williamson*, 473 U.S. at 186–194, 105 S.Ct. at 3116–3120, 87 L.Ed.2d at 139–143.

The Third Circuit has held that due process claims are subject to the finality requirement, *Taylor Inv., Ltd. v. Upper Darby Tp.*, 983 F.2d 1285, 1290 (3d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 304, 126 L.Ed.2d 252 (1993), but has not addressed whether they are required to meet the just compensation requirement. We believe that the modern trend of caselaw dictates that substantive due process claims meet the just compensation requirement in certain circumstances. *See Bigelow v. Michigan Dept. of Natural Resources*, 970 F.2d 154, 157–58 (6th Cir.1992); *Rocky Mountain Materials & Asphalt, Inc. v. Bd. of County Com'rs*, 972 F.2d 309, 311 (10th Cir.1992); *but see Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1575 n. 8 (11th Cir.1989).

In *Bigelow*, the Plaintiffs were commercial fishermen who challenged the loss of their fishing licenses by a state supported plan which gave the Michigan Indians the exclusive right to fish in certain waters. They advanced an illegal taking claim, an equal protection claim, and a procedural due process claim. The court dismissed the illegal takings claim because Plaintiff had not initiated inverse condemnation proceedings in state court and been denied. *Id.*, 970 F.2d at 157–58 (citing *Williamson*, 473 U.S. at 195, 105 S.Ct. at 3121, 87 L.Ed.2d at 144). It also dismissed the equal protection claim, holding that the claim was not ripe because the plaintiffs could "seek a remedy by an inverse condemnation action in the state courts." *Id.* at 159.

---

**2.** Plaintiffs could not, in any event, advance their takings claims pursuant to the Eminent Domain Code in this court because it vests *exclusive* juris-diction in the Pennsylvania Court of Common Pleas in the county where the land in question is located. *See* 26 P.S. § 1–401.

Finally, the court distinguished prior Sixth Circuit decisions and held that the procedural due process claim was not ripe.[3] *Id.* The main issue in the case was whether the plaintiffs were denied full compensation for their licenses by the defendants. *Id.* at 160. The procedural due process claim merely asserted that plaintiffs were not given an opportunity to defend their rights before the defendants took the license. *Id.* Thus, the court held, the procedural due process claim was ancillary to the takings issue, and "addressing the plaintiffs' procedural due process claim at this stage would allow future plaintiffs to circumvent the ripeness requirement for taking claims simply by attaching a procedural due process claim to their complaint." *Id.*

In *Rocky Mountain,* the plaintiffs filed a civil rights action, alleging that their property had been taken without just compensation and in violation of their procedural due process rights. The Tenth Circuit held that when a plaintiff brings an illegal taking claim and a due process claim, the due process claim will be subjected to the just compensation requirement if "[t]he property interest supporting the due process claim is ... the same one that [plaintiff] asserts has resulted in the complete taking of its property without just compensation in violation of the Fifth Amendment." *Rocky Mountain,* 972 F.2d at

311; *see also Anderson v. Alpine City,* 804 F.Supp. 269, 275–76 (D.Utah 1992) (*Rocky Mountain* analysis applies to substantive due process and equal protection claims).[4]

In this case it is clear that Plaintiffs' substantive due process claims arise from their illegal taking claims. Plaintiffs' complaint provides that

"Plaintiffs have been denied substantive due process in that Defendants intentionally failed to protect Plaintiffs' property interests from damages caused by an increase in stormwater flow from property owned by the Defendants Borough of Palmyra and North Londonderry Township to Plaintiffs' properties *which has physically taken Plaintiffs' properties* from soil erosion and sinkhole development."

[Pls.' Amend.Compl. at ¶ 88] (emphasis added). It also states that the Defendants' actions were "arbitrary, outrageous, and irrational in that Defendants are utilizing Plaintiffs' private properties for their own stormwater management *without adequate just compensation to Plaintiffs* and to the detriment of Plaintiffs' properties...." [Pls.' Amend.Compl. ¶ 90] (emphasis added).[5] In essence, Plaintiffs allege that the substantive due process violation was the taking of their property without just compensation.

---

3. Other cases held that there was not a just compensation requirement for a procedural due process claim to be ripe. *Bigelow,* 970 F.2d at 159 (citing *Nasierowski Bros. Inv. Co. v. City of Sterling Heights,* 949 F.2d 890 (6th Cir.1991); *Sequin v. City of Sterling Heights,* 968 F.2d 584, 589 (6th Cir.1992)). However, the Court found these cases distinguishable from *Bigelow* because the due process claims in those cases did not arise out of the alleged illegal taking claims or depend upon a decision of whether the taking occurred.

4. In *Southview Associates, Ltd. v. Bongartz,* 980 F.2d 84 (2d Cir1992), *cert. denied,* — U.S. —, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993), the Second Circuit distinguished two types of substantive due process violations. The first is an allegation that a regulation goes so far as to have the same effect as a taking by eminent domain ("regulatory taking"). *Id.* at 96. The second is an allegation that a decisionmaking process is arbitrary and capricious. *Id.* The court held that the just compensation requirement of *Williamson* applied to former, but not to the latter. *Id.*

5. It is unclear which type of substantive due process claim Plaintiffs are advancing. They use language indicating both a "regulatory taking" substantive due process violation and an "arbitrary and capricious" substantive due process violation. However, under either type their claim is premature. In *Southview Associates,* the court held that substantive due process violations that amount to regulatory takings must comply with the just compensation requirement. *Southview Associates,* 980 F.2d at 97. The court also held that arbitrary and capricious substantive due process claims are not subject to the just compensation requirement because they are generally unrelated to taking claims. *Id.* However, the arbitrary and capricious conduct complained of by Plaintiffs here is the Defendants' use of Plaintiffs' properties "without just compensation to Plaintiffs...." [Pls.Amend.Compl. ¶ 90]. Thus, unlike the situation in *Southview Associates,* the arbitrary and capricious claim is also clearly related to, and dependent upon, the illegal taking claim.

If we were to permit the due process claims to remain, we would have to determine whether there was a deprivation without just compensation, which is the precise issue in the taking claims. *See Rocky Mountain*, 972 F.2d at 311. Additionally, in order to compute damages, we would have to determine the deprivation in value that Plaintiffs' properties suffered as a result of Defendants' actions. This would, in effect, resolve whether there was an illegal taking, allowing Plaintiffs to circumvent the ripeness requirement of illegal taking claims by merely including a claim for due process violation. *See Bigelow*, 970 F.2d at 160.[6]

We believe the policies behind the decisions in *Bigelow* and *Rocky Mountain* mandate dismissal of Plaintiffs' substantive due process claims. The crux of Plaintiffs' complaint is their illegal taking claims. The substantive due process claims are ancillary and their ultimate disposition depends entirely upon whether there was an illegal taking. We cannot decide the substantive due process claims without a determination of whether a taking occurred; the state courts must make that determination. *See Schertel v. Rex*, 764 F.Supp. 1002, 1005 n. 2 (E.D.Pa. 1991) (due process claim not ripe when brought in same action as illegal takings claim that was not ripe because resolution of takings claim would "greatly affect" due process claim).[7]

### B. State Law Claims

The only remaining claims arise under state law, and we will dismiss those claims as well. 28 U.S.C. § 1367(c)(3).

### ORDER

AND NOW, this 2nd day of November, 1994, upon consideration of Defendants' motions to dismiss, it is ordered that:

1. Defendants', Borough of Palmyra, Ross Watts, Karen Koncle, Ray D'Agostino, William Fake, Richard Mazzocca, Fred S. Carpenter, Richard H. White, Barry Reigle, Richard E. Calhoun and Mauree Gingrich, motion to dismiss, filed August 30, 1994, is granted.

2. Defendants', North Londonderry Township, Ronald E. Fouche, Glen A. Powell, Frank C. Grenoble, Jr., Paul J. Garber, and Gordon W. Watts, motion to dismiss, filed September 6, 1994, is granted.

3. Defendant, Rettew Associates, Inc.'s, motion to dismiss, filed September 7, 1994, is granted.

4. Plaintiffs' state law tort claims are dismissed.

5. The Clerk of Court shall close the file.

6. This is not a case where the Plaintiff has not advanced an illegal taking claim with a due process claim, *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1574 (11th Cir.1989), or where the illegal taking claim is ancillary to the due process claims. *See, e.g., Harris v. County of Riverside*, 904 F.2d 497, 501 (9th Cir.1990).

7. This decision does not imply that every action for a due process violation that also includes an illegal taking claim is not ripe until the state courts have denied inverse condemnation. Rather, there are many instances where the claims will produce different injuries or arise from distinct facts. That is not the case here, since Plaintiffs allege that Defendants' taking without just compensation violated their substantive due process rights. These claims arise from the same actions and the determination of one is dependent upon a determination of the other.