**J.B. RANCH, INC., A Texas Corporation, Plaintiff–Appellant,**

v.

**GRAND COUNTY, Defendant–Appellee.**

No. 91–4005.

United States Court of Appeals, Tenth Circuit.

March 3, 1992.

Mark O. Morris and Brent D. Wride, Ray, Quinney & Nebeker, Salt Lake City, Utah, for plaintiff-appellant.

Lyle R. Anderson, Grand County Atty., Moab, Utah, for defendant-appellee.

Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.

PATRICK F. KELLY, District Judge.

Plaintiff-appellant J.B. Ranch, Inc., a Texas corporation, filed suit against Defendant-appellee Grand County, Utah, after the County declared certain roads within ranch property public. In its complaint, Plaintiff alleged the County's actions constituted an unconstitutional taking of property and a denial of due process in violation of 42 U.S.C. § 1983. The district court granted summary judgment in favor of the County, ruling that its actions did not rise to the level of a taking, and, therefore, no Fifth Amendment violation occurred. We vacate the district court's order and dismiss the appeal for lack of subject matter jurisdiction.[1]

## FACTS

Prior to 1978, Grand County was required to map only those roads identified and maintained as class B thoroughfares. *See* Utah Code Ann. § 27-12-22 (1953). In 1978, a new law was passed which required the County to identify all roads, including those not regularly maintained, which it deemed were established public thoroughfares as of October 21, 1976. *See* Utah Code Ann. § 27-15-3 (Supp.1983). Accordingly, in 1978, the Utah Department of Transportation filed maps which identified certain roads within ranch property as class D thoroughfares. This was the first time County maps identified public roads on ranch property. The owners of the ranch were not given notice that the change was made.

Plaintiff bought the ranch in early 1984. At that time, the corporation believed it owned all ranch property, including the roads. On September 11, 1984, the County wrote a letter advising Plaintiff that certain roads within the property were public and, therefore, it could not lock the gates to the ranch. On October 2, 1984, Plaintiff responded, stating unequivocally that it did not consider the County's designation valid. No further correspondence occurred.

On October 14, 1987, the County wrote to Plaintiff again, reiterating its position with respect to the public nature of the roads. In addition, one of the County commissioners wrote a column in the local newspaper advising the community that the roads were public. Appellant's App. at 93. The article counseled, however, that the public should check with the sheriff before trying to use the roads because their status was uncertain. *Id.* To date the County has not interfered with Plaintiff's use of the property. There has been no effort to unlock

---

* Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

the gates or otherwise force access to the ranch.

Plaintiff instituted this lawsuit on April 29, 1988. The case was originally referred to a magistrate judge, who ruled that even assuming a taking occurred, Plaintiff received due process.[2] Both parties filed objections to that ruling. Subsequently, the district court entered its own decision, holding that the county's actions did not rise to the level of a taking under the Fifth Amendment. This appeal followed.

## DISCUSSION

Plaintiff's complaint alleges the County's actions "constitute an unconstitutional taking of J.B. Ranch's property and a denial of due process." Appellant's App. at 4. The corporation seeks only declaratory relief in the form of a judgment quieting title to the roads. After reviewing the record and legal issues involved in this case, we hold that Plaintiff's claims are not ripe for review in this court. *See Metropolitan Wash. Airports Auth. v. Citizens For Abatement of Aircraft Noise, Inc.,* — U.S. —, 111 S.Ct. 2298, 2306 n. 13, 115 L.Ed.2d 236 (1991) (ripeness is a jurisdictional issue which the court may examine sua sponte). Thus, we must vacate the district court's order. *See generally Bath v. National Ass'n of Intercollegiate Athletics,* 843 F.2d 1315, 1317 (10th Cir.1988) (appellate court may affirm on any grounds that find support in the record).

## I. FIFTH AMENDMENT TAKINGS CLAIM

█ Plaintiff claims that the County's public declarations constitute a taking of private property. The Fifth Amendment, applied to the states through the Fourteenth Amendment, prohibits takings absent just compensation from the state. *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172,

175 n. 1, 105 S.Ct. 3108, 3111 n. 1, 87 L.Ed.2d 126 (1985); U.S. Const., amend. V. Although Plaintiff has described its cause of action more generally as an "unconstitutional taking ... and a denial of due process," the parties, as well as the district court, reviewed it under principles developed in defining takings under the Fifth Amendment. The facts of this case fit squarely within the analysis developed in just compensation cases. Therefore, the jurisdictional requirements applicable to Fifth Amendment takings claims apply.

"The Fifth Amendment does not prohibit the government from taking its citizens' property; it merely prohibits the government from taking property without paying just compensation." *Miller v. Campbell County,* 945 F.2d 348, 352 (10th Cir.1991), *petition for cert. denied,* — U.S. —, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1991). Thus, an aggrieved property owner must show more than the deprivation of property; the owner must also show that the state refused to compensate him for his loss. *Williamson,* 473 U.S. at 194–97, 105 S.Ct. at 3120–22; *Miller,* 945 F.2d at 352.

In *Williamson,* the Supreme Court noted that "a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation." 473 U.S. at 195, 105 S.Ct. at 3121. Consequently, a Fifth Amendment takings claim is not ripe until the property owner has attempted to obtain, and been denied, compensation using state procedures. *See Miller,* 945 F.2d at 352.

Utah provides aggrieved owners means through which to obtain just compensation. Article I, Section 22 of the Utah Constitution provides, "[p]rivate property shall not be taken or damaged for public use without just compensation." [3] It is undisputed that

---

2. The County originally filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The court converted it to a summary judgment motion in light of the affidavits and documents attached to it.

3. Utah statute also provides that aggrieved owners may be compensated pursuant to the state's eminent domain statute. *See* Utah Code Ann. §§ 78–34–1 to 20. Because the actions in this case were carried out without a formal exercise of the eminent domain power, however, that

Plaintiff has not made any attempt to file an inverse condemnation action under this provision. Thus, this claim is not ripe for review. *See National Advertising Co. v. City & County of Denver*, 912 F.2d 405, 413–14 (10th Cir.1990) (takings claim not ripe where owner did not seek compensation under state inverse condemnation statute).

In the district court, Plaintiff argued it was unnecessary to undergo state procedures because this case does not involve a "taking" in "the commonly understood sense." Appellant's App. at 83. Further, Plaintiff asserted that because it was not seeking money damages, resort to Utah's "compensation" procedures was unnecessary. *Id.* These arguments are not convincing.

The ranch's grievance, distilled to its essence, is that the County made an unconstitutional taking without just compensation when it declared the ranch roads public. Plaintiff contends its damages include a cloud on the title of the property and potential diminution of land values. *See* Appellant's Br. at 8. This is a Fifth Amendment claim. The ranch may not call it otherwise simply to avoid taking action in state court. Because Utah provides a venue for hearing inverse condemnation actions, this claim is not yet ripe for review in federal court. *See Miller*, 945 F.2d at 352 (takings claim not ripe where plaintiffs had not "been turned away empty-handed" at the state level).

## II. DUE PROCESS CLAIM

■ Although it is unclear from Plaintiff's complaint, it appears the ranch is also asserting a procedural due process claim.[4] Under certain circumstances, due process rights may arise which are beyond the

more particularized claim asserted pursuant to the Just Compensation Clause. *See Landmark Land Co. v. Buchanan*, 874 F.2d 717, 723 (10th Cir.1989). The claim asserted in this case, however, does not merit analysis distinct from that already discussed with respect to the Fifth Amendment claim.

"There are many intangible rights that merit the protection of procedural due process although their infringement falls short of an exercise of the power of eminent domain for which just compensation is required under the Fifth and Fourteenth Amendments." *Id.* The Ninth Circuit has recognized that there may be cases where a procedural due process claim will be ripe despite a contrary conclusion with respect to a takings claim. *See Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1404 (9th Cir.1989), *cert. denied*, 494 U.S. 1016, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990). Even assuming the validity of that analysis, however,

[W]e are reluctant in the context of a factual situation that falls squarely within [the Just Compensation C]lause to impose new and potentially inconsistent obligations upon the parties under the substantive or procedural components of the Due Process Clause. It is appropriate in this case to subsume the more generalized Fourteenth Amendment due process protections within the more particularized protections of the Just Compensation Clause.

*Miller*, 945 F.2d at 352. The facts of this case fall squarely within Fifth Amendment analysis. We do not find anything in the record which dictates a due process analysis above and beyond our consideration of Plaintiff's Just Compensation Clause claim.[5] Thus, we hold Plaintiff's constitu-

statute is not applicable. *See Farmers New World Life Ins. Co. v. Bountiful City*, 803 P.2d 1241, 1243 (Utah 1990).

**4.** Implicit in Plaintiff's argument is the assertion that the ranch was denied due process because no steps were taken to protect its rights prior to the time the County declared the roads public. "Unlike the Due Process Clause, ... the Just Compensation Clause has never been held to require pretaking process or compensation."

*Williamson*, 473 U.S. at 195 n. 14, 105 S.Ct. at 3121 n. 14. Thus, in order to be valid, it is necessary that Plaintiff's second claim arise as a separate procedural due process cause of action.

**5.** In *Sinaloa Lake*, the Ninth Circuit held plaintiffs stated a procedural due process claim where the alleged facts indicated the government destroyed a privately owned lake and dam. 882 F.2d at 1400–01, 1406. That case is factually distinguishable from the case at bar,

tional claims are not ripe. As a consequence, the action must be dismissed for lack of jurisdiction.

The judgment of the United States District Court for the District of Utah is VACATED, and the action REMANDED with directions to enter an order dismissing the case for lack of subject matter jurisdiction.

where both parties admit that the County has not tried to enforce or otherwise act on its purported property rights.