972 F.2d 309
 ROCKY MOUNTAIN MATERIALS & ASPHALT, INC., doing business as
Rocky Mountain Asphalt, Plaintiff-Appellant,
v.
The BOARD OF COUNTY COMMISSIONERS OF EL PASO COUNTY, State
of Colorado; County of El Paso, State of
Colorado, Defendants-Appellees.
 No. 91-1222.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 5, 1992.
 
 Joseph M. Ricci, of Joseph M. Ricci, P.C., Colorado Springs, Colo., for plaintiff-appellant.
 Beth A. Whittier, El Paso County Atty., Patrick A. Wheeler, Asst. County Atty., Office of the County Atty. of El Paso County, Colo., Colorado Springs, Colo., for defendants-appellees.
 Before SEYMOUR, ANDERSON, Circuit Judges, and SAM,** District Judge.
 SEYMOUR, Circuit Judge.
 
 
 1
 Plaintiff, Rocky Mountain Materials and Asphalt, Inc. (Rocky Mountain), brought this 42 U.S.C. § 1983 action under the Fifth and Fourteenth Amendments after Defendants, El Paso County and its Board of County Commissioners (collectively, the County), issued a citation threatening criminal sanctions and civil penalties should Rocky Mountain continue certain gravel mining activities on its property without the special use permit required by applicable zoning regulations. On cross-motions for summary judgment, the district court dismissed as unripe all matters except Rocky Mountain's procedural due process claim, which it rejected on the merits. This appeal followed.[1] We REVERSE in part and REMAND.
 
 
 2
 The relevant facts are essentially undisputed. In November 1973, the previous owners of the property submitted an application to the Board of County Commissioners for a permit to remove minerals. The application was denied. In March 1974, the application was resubmitted and approved. In 1975, after public notice, the Land Development Code was revised, and in 1980, the 1975 zoning resolutions were repealed and replaced.
 
 
 3
 In October 1988, having purchased the property in the interim, Rocky Mountain sought a mining permit from the State Mine Reclamation Board. The permit was granted after public hearings at which the county appeared and made no objection. Rocky Mountain began mining the property in January, 1990. In March 1990, the Land Development Code was amended again, although these revisions were not applicable to previously-approved special uses. The County Attorney, who had issued a legal opinion stating that the 1974 permit approval had been abandoned, directed Rocky Mountain to obtain a special use permit under the 1990 regulations. Rocky Mountain did not do so, apparently contending that the 1974 approval had never been revoked or rescinded. In September 1990, Rocky Mountain was served a citation and notice of zoning ordinance violations. It ceased mining and filed this action, claiming under the Fifth and Fourteenth Amendments that its property had been taken without just compensation and in violation of due process.
 
 
 4
 "Before a federal court can properly determine whether the state has violated the Fifth Amendment [takings clause], the aggrieved property owner must show first that the state deprived him of his property, and second, that the state refused to compensate him for his loss." Miller v. Campbell County, 945 F.2d 348, 352 (10th Cir.1991) (following Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 194, 105 S.Ct. 3108, 3120, 87 L.Ed.2d 126 (1985)), cert. denied, --- U.S. ----, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1992); see, e.g., National Advertising Co. v. City & County of Denver, 912 F.2d 405, 413-14 (10th Cir.1990) (just compensation claim unripe where plaintiff had not sought compensation under available inverse condemnation procedure). Because Rocky Mountain had not pursued any formal inverse condemnation action in response to the citation issued by the County, the district court held most of the case unripe under Williamson County. Rocky Mountain now concedes this ripeness determination and challenges only the disposition of its procedural due process claim. Specifically, Rocky Mountain contends the district court should have deemed its procedural due process claim likewise unripe rather than addressing and dismissing the claim on the merits.
 
 
 5
 Rocky Mountain acknowledges that under our decision in Landmark Land Co. v. Buchanan, 874 F.2d 717 (10th Cir.1989), different standards may govern the ripeness of just compensation and procedural due process claims, but contends that the circumstances presented here justify similar treatment of both. We agree. Our holding in Landmark was based on the observation that "[t]here are many intangible [property] rights that merit the protection of procedural due process although their infringement falls short of an exercise of the power of eminent domain for which just compensation is required under the Fifth and Fourteenth Amendments." Id. at 723. Because inverse condemnation proceedings do not apply to such property interests, a plaintiff need not resort to those proceedings before bringing an action for denial of due process. Hence, failure to do so does not render such an action unripe. See, e.g., Nasierowski Bros. Inv. Co. v. City of Sterling Heights, 949 F.2d 890, 893-95 (6th Cir.1991) (plaintiff alleging that zoning in violation of procedural due process caused concrete immediate injury which was less than a taking need not exhaust condemnation remedies).
 
 
 6
 We have previously distinguished the circumstances in Landmark from the situation where the property interest in which a plaintiff asserts a right to procedural due process is coextensive with the asserted takings claim. See J.B. Ranch, Inc. v. Grand County, 958 F.2d 306, 309 (10th Cir.1992); Miller, 945 F.2d at 352-53. When a plaintiff alleges that he was denied a property interest without due process, and the loss of that property interest is the same loss upon which the plaintiff's takings claim is based, we have required the plaintiff to utilize the remedies applicable to the takings claim. "It is appropriate in this case to subsume the more generalized Fourteenth Amendment due process protections within the more particularized protections of the 'Just Compensation Clause.' " Miller, 945 F.2d at 352. Accordingly, until a plaintiff has resorted to the condemnation procedures to recover compensation for the alleged taking, the procedural due process claim is likewise not ripe because it is in essence based on the same deprivation.
 
 
 7
 The procedural due process argument that Rocky Mountain asserts here is that it was deprived of its right to mine on its property through the County's implementation of certain zoning regulations, which it alleges were enacted without the requisite notice. The property interest supporting the due process claim is thus the right to conduct mining activities on the land. This alleged deprivation is exactly the same one that Rocky Mountain asserts has resulted in the complete taking of its property without just compensation in violation of the Fifth Amendment. The two alleged losses are coextensive. Under these circumstances, Rocky Mountain must first obtain a final adverse decision with respect to the zoning restriction imposed by the County, and then make use of the available inverse condemnation remedies,[2] before its procedural due process claim may be considered ripe for determination.
 
 
 8
 Accordingly, the district court erred in reaching the merits of the procedural due process claim, because that claim should have been dismissed for lack of jurisdiction on ripeness grounds. See, e.g., J.B. Ranch, Inc., 958 F.2d at 310. We therefore vacate its disposition in this regard and remand with instructions to dismiss the claim as unripe.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 See National Advertising Co. v. City & County of Denver, 912 F.2d 405, 413-14 (10th Cir.1990) (noting eminent domain procedures available to inverse condemnee in Colorado); see also Sclavenitis v. City of Cherry Hills Village Bd. of Adjustment & Appeals, 751 P.2d 661, 665 (Colo.Ct.App.1988) (constitutional damage claim under 42 U.S.C. § 1983 may be brought in conjunction with action for judicial review of zoning decision under Colo.R.Civ.P. 106(a)(4)); see also, e.g., Cottonwood Farms v. Board of County Comm'rs, 763 P.2d 551, 552, 554-58 (Colo.1988) (inverse condemnation claim for just compensation considered in Rule 106(a)(4) action)