FIRST BET JOINT VENTURE; Eureka Creek Development, Inc.; Club Central Casino; Lots of Luck, Inc.; Larry Smith; Sheryl Smith; Jerry Goedert; Lenora Goedert; Ireland's Gold, Inc.; and the McShane Partnership, Plaintiffs,

v.

CITY OF CENTRAL CITY, a Colorado Home Rule City, By and Through its CITY COUNCIL; City Council Members of Central City, in their capacity as members of the City Council of Central City; Richard Allen, in his official capacity as a member of the City Council of Central City; Stu Boulter, in his official capacity as a member of the City Council of Central City; George Williams, in his official capacity as a member of the City Council of Central City and individually; and Scott Webb, in his official capacity as a member of the City Council of Central City and individually, Defendants.

Civ. A. No. 92–S–1529.

United States District Court,
D. Colorado.

April 21, 1993.

Nunc Pro Tunc April 2, 1993.

Robert Duncan, Donald Ostrander, Duncan, Ostrander, & Dingess, P.C., Denver, CO, for plaintiff.

David Brougham, Hall & Evans, Jerry Devitt, Myers, Hoppin, Bradley, & Devitt, B. Lawrence Theis, Jane Ebisch, Musgrave & Theis, Denver, CO, for defendant.

MEMORANDUM OPINION AND ORDER

SPARR, District Judge.

THIS MATTER came before the court on April 2, 1993 for hearing on: (1) the Defendants' Motion for Judgment on the Pleadings, filed November 20, 1992; (2) the Defendants' Motion to Strike Affidavit of Linda Woodcock, filed February 9, 1993; and (3) the Plaintiffs' Motion to Amend Complaint, filed March 31, 1993. At the hearing, the court considered the Defendants' Motion for Judgment on the Pleadings in light of the Plaintiffs' tendered Amended Complaint, but did not consider the affidavit of Linda Woodcock.

The Amended Complaint seeks damages resulting from and declaratory relief from a moratorium on the processing of zoning permits for future development and operation of gaming facilities in Central City, Colorado. The court takes judicial notice that the moratorium at issue was repealed on February 17, 1993. Plaintiffs are pursuing this case for damages caused by the period of the moratorium, among other things. The Amended Complaint asserts four claims for relief: (1) a claim under 42 U.S.C. § 1983 for violation of the Plaintiffs' Fourteenth Amendment procedural due process rights; (2) a § 1983 claim for violation of the Plaintiffs' Fifth Amendment right to just compensation for a "taking" of real property; (3) a § 1983 claim for violation of Plaintiffs' rights to equal protection under the Fourteenth Amendment; and (4) a claim for attorney's fees pursuant to 42 U.S.C. § 1988. The Defendants move for judgment on the pleadings on all of the Plaintiffs' claims for relief because the Fifth and Fourteenth Amendment claims are not ripe for adjudication. The ripeness issue raised by the Defendants is one of subject matter jurisdiction. See *Metropolitan Washington Airports Authority .v. Citizens For Abatement of Aircraft Noise, Inc.,* —— U.S. ——, —— n. 13, 111 S.Ct. 2298, 2306 n. 13, 115 L.Ed.2d 236 (1991).

 A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Mock v. T.G. & Y. Stores Co.,* 971 F.2d 522, 528–29 (10th Cir.1992) (citations omitted). The court must accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Mock,* 971 F.2d at 528–29. A complaint should be dismissed only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief. *Mock,* 971 F.2d at 528–29.

 I. The Fifth Amendment, applied to the states through the Fourteenth Amendment, prohibits "takings" absent just compensation from the government. *J.B. Ranch, Inc. v. Grand County,* 958 F.2d 306, 308 (10th Cir.1992), citing *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 175 n. 1, 105 S.Ct. 3108, 3111 n. 1, 87 L.Ed.2d 126 (1985) and *Miller v. Campbell County,* 945 F.2d 348, 352 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1992). An aggrieved property owner must show more than the deprivation of property; the owner must also show that the government refused just compensation for the loss. *J.B. Ranch,* 958 F.2d at 308 (citations omitted). A property owner has not suffered a Fifth Amendment violation until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the government for obtaining such compensation. *J.B. Ranch,* 958 F.2d at 308–09 (citations omitted); *National Advertising Co. v. City and County of Denver,* 912 F.2d 405, 413 (10th Cir.1990). The Defendants argue that, in a state which allows inverse condemnation proceedings, the Plaintiffs' Fifth Amendment claim is not ripe for judicial review because they have not attempted to obtain just compensation through an inverse condemnation proceeding. Therefore, Defendants argue, the Plaintiffs' Fifth Amendment claim is unripe and must be dismissed for lack of subject matter jurisdiction.

The Plaintiffs argue that there was no "taking" here, and that no "taking" is necessary to support their claims, relying on *Oberndorf v. City and County of Denver,* 653 F.Supp. 304 (D.Colo.1986). The Plaintiffs argue that the Just Compensation Clause of the Fifth Amendment can be applied beyond the "taking" context. The Plaintiffs assert that they are not seeking "just compensation," but are seeking money damages for the

Defendants' interference with their property rights by acting improperly for personal profit under the color of state law, in violation of § 1983. *Oberndorf,* 653 F.Supp. at 307–08. The *Oberndorf* case was subsequently appealed, 900 F.2d 1434 (10th Cir. 1990), but the ripeness issue was never addressed by the Tenth Circuit. Apparently, *Oberndorf* is the only authority in this circuit for the Plaintiffs' position.

The Tenth Circuit has addressed a situation very similar to this case in *Miller,* 945 F.2d at 348. The plaintiffs in *Miller* claimed that the defendants had violated their Fifth Amendment rights by " 'taking' the plaintiffs' home from them." 945 F.2d at 352. The district court dismissed this claim on the grounds it was not ripe. The Tenth Circuit agreed, stating that "[B]efore a federal court can properly determine whether the state has violated the Fifth Amendment, the aggrieved property owner must show first that the state deprived him of his property, and second, that the state refused to compensate him for his loss." *Miller,* 945 F.2d at 352, citing *Williamson County,* 473 U.S. at 194–97, 105 S.Ct. at 3120–22. *Accord J.B. Ranch,* 958 F.2d at 308–09.

This court concludes that, despite *Oberndorf,* the Plaintiffs cannot avoid filing an action in state court to obtain just compensation for the deprivation of their property. This court does not believe that the Tenth Circuit has recognized a claim under the Just Compensation Clause of the Fifth Amendment for money damages for deprivation of property without the prerequisite of a "taking." A property owner has not suffered a Fifth Amendment violation until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the government for obtaining such compensation. *J.B. Ranch,* 958 F.2d at 308–09 (citations omitted). Accordingly, the Defendants are entitled to judgment on the pleadings on the Plaintiffs' Second Claim for Relief.

II. Regarding the Plaintiffs' Fourteenth Amendment claims for violation of their procedural due process and equal protection rights, the Defendants argue that the Plaintiffs' Fourteenth Amendment claims are subsumed into their Fifth Amendment claim. The Defendants also argue that the Plaintiffs' Fourteenth Amendment claims are unripe for judicial review. The court agrees.

■ The Fourteenth Amendment embodies three different protections: (1) a procedural due process protection requiring the state to provide individuals with some type of process before depriving them of their life, liberty, or property; (2) a substantive due process protection from arbitrary acts that deprive individuals of life, liberty, or property; and (3) an incorporation of specific protections afforded by the Bill of Rights against the states. *Miller,* 945 F.2d at 352, citing *Daniels v. Williams,* 474 U.S. 327, 337, 106 S.Ct. 662, 677, 88 L.Ed.2d 662 (1986) (Stevens, J., concurring).

■ Under certain circumstances, Fourteenth Amendment due process rights may arise which are beyond the more particularized claim asserted pursuant to the Just Compensation Clause of the Fifth Amendment. *J.B. Ranch,* 958 F.2d at 309, citing *Landmark Land Co. v. Buchanan,* 874 F.2d 717, 723 (10th Cir.1989). However, the claims asserted in this case do not merit analysis different from that already discussed with respect to the Fifth Amendment. *See J.B. Ranch,* 958 F.2d at 309, citing *Landmark Land,* 874 F.2d at 723; *Miller,* 945 F.2d at 352. As the Tenth Circuit put it,

"Because the Just Compensation Clause of the Fifth Amendment imposes very specific obligations upon the government when it seeks to take private property, we are reluctant in the context of a factual situation that falls squarely within that clause to impose new and potentially inconsistent obligations upon the parties under the substantive or procedural components of the Due Process Clause. It is appropriate in this case to subsume the more generalized Fourteenth Amendment due process protections within the more particularized protections of the Just Compensation Clause. The Supreme Court's decision in *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), supports our analysis."

*Miller,* 945 F.2d at 352.

■ In addition, the ripeness test applies to the Plaintiffs' equal protection and

procedural due process claims. *Landmark Land,* 874 F.2d at 722–23. Before a federal court can ascertain whether a governmental entity has taken property without due process, it must allow the local government authority a chance to take final action. *Landmark Land,* 874 F.2d at 722. A § 1983 inverse condemnation claim under the Fifth and Fourteenth Amendments for a regulatory "taking" is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application and the regulations to the property at issue. *Landmark Land,* 874 F.2d at 720, citing *Williamson County,* 473 U.S. at 186, 105 S.Ct. at 3116. In order to prevail on an equal protection claim, the Plaintiffs must show that they were treated differently than similarly situated landowners and that this different treatment lacked a rational basis. *Landmark Land,* 874 F.2d at 722. Before final action has been taken by the Defendants with respect to the special use permits, the court cannot make this determination. The Defendants have neither indicated definitively what level of development will be allowed on the Plaintiffs' property, nor finally and officially ruled out the possibility that the Plaintiffs will be able to proceed with their original development plans. See *Landmark Land,* 874 F.2d at 721. The Plaintiffs' Fourteenth Amendment claim for violation of equal protection is not ripe and the Defendants are entitled to judgment on the pleadings on the Plaintiffs' Third Claim for Relief.

To sustain a cause of action under § 1983 for denial of procedural due process, the Plaintiffs must allege a property interest sufficient to warrant due process protection. *Jacobs, Visconsi & Jacobs v. City of Lawrence,* 927 F.2d 1111, 1115–16 (10th Cir.1991). Plaintiffs must demonstrate that there is a set of conditions the fulfillment of which would give rise to a legitimate expectation to the special use permits they seek. *Jacobs,* 927 F.2d at 1116. Whether the Plaintiffs have a property interest in the special use permits depends on existing rules or on understandings that stem from an independent source such as state law. *Landmark Land,* 874 F.2d at 723, quoting *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548

(1972). The Plaintiffs can have a property interest in the special use permits only to the extent to which state law or local ordinances give them a legitimate claim of entitlement to the permits as opposed to mere unilateral expectation. *Landmark Land,* 874 F.2d at 723, quoting *Littlefield v. City of Afton,* 785 F.2d 596, 600 (8th Cir.1986). Even assuming the Plaintiffs have a property interest in the special use permits and that the decision not to issue the permits was replete with improprieties, the requirements of the Fourteenth Amendment are satisfied by a hearing before a governmental board and an opportunity for review in the state courts. The condemnation process offers the Plaintiffs a sufficient post-deprivation hearing to obtain just compensation for the loss of their property. *Miller,* 945 F.2d at 354. The opportunity existed and still exists for the Plaintiffs to pursue an inverse condemnation proceeding in the state courts. The Plaintiffs' Fourteenth Amendment claim for violation of procedural due process is not ripe and the Defendants are entitled to judgment on the pleadings on the Plaintiffs' First Claim for Relief.

Accordingly, IT IS ORDERED:
1. The Plaintiffs' Motion to Amend Complaint is GRANTED.
2. The Defendants' Motion to Strike Affidavit of Linda Woodcock is GRANTED.
3. The Defendants' Motion for Judgment on the Pleadings is GRANTED.
4. This civil action is DISMISSED.