46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 SANTA FE RANCHLANDS, Del Charro Partners, Red Sky Land and
Cattle Company, Sundance Partners, Plaintiffs-Appellants,
v.
SANTA FE COUNTY, Board of County Commissioners, Santa Fe
County, Nancy Rodriguez, Linda Grille, Betty Platt, Raymond
M. Chavez, Richard D. Anaya, New Mexico Public Service
Commission, Tony Mayne, Defendants-Appellees.
 No. 94-2140.
United States Court of Appeals,
Tenth Circuit.
 Feb. 3, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs are a group of New Mexico general partnerships which collectively own approximately 1800 acres of land in Santa Fe County. They filed a 42 U.S.C.1983 suit against the county, board of county commissioners, the New Mexico Public Service Commission, and several individuals claiming their constitutional rights were violated when the county instituted a policy to scrutinize water utility service in the area where their property was located. The plaintiffs sought money damages. The district court granted summary judgment to the defendants, ruling plaintiffs' Fifth Amendment claim was not ripe for review. The sole issue presented in this appeal is whether the district court erred in subsequently awarding attorney's fees to the defendants pursuant to 42 U.S.C.1988. We affirm.
 
 
 3
 This dispute began as a disagreement between Santa Fe County and the Eldorado Utility Company. Eldorado provides water utility service to the land which plaintiffs own. A controversy arose when the county questioned Eldorado's ability to service additional areas. As a result of its concern that Eldorado did not possess sufficient water rights to service all the land within its service area, the county commissioned studies which allegedly showed Eldorado had less water available than it had claimed.
 
 
 4
 The county subsequently began requiring subdivision applicants to demonstrate they had water rights in addition to those which Eldorado provided. As property owners and developers, the plaintiffs strenuously objected to this policy. Under the county code, land serviced by Eldorado could be subdivided into 2.5 acre parcels. In contrast, parcels requiring independent well sources could be no smaller than 12.5 acres. Thus, without Eldorado's service, the plaintiffs would be limited in the number and size of lots they could sell. The primary assertion in the complaint was that the county's new "policy" caused a significant diminution in the value of their land, and, consequently, a Fifth Amendment taking of property. It is undisputed that the plaintiffs never tried to make subdivision applications under the policy.
 
 
 5
 On defendants' motion for summary judgment, the district court ruled plaintiffs' unjust compensation claim was not ripe for consideration because they had not resorted to state inverse condemnation procedures prior to bringing suit. The court opined that both Supreme Court and Tenth Circuit precedent made clear that plaintiffs asserting Fifth Amendment claims in this context had to look to state remedies before filing suit in federal court. The court awarded approximately $39,000 in attorney's fees based on its assessment that plaintiffs and their attorneys disregarded this precedent when they filed suit.[2]
 
 
 6
 Section 1988 allows district courts, in their discretion, to award fees to the prevailing party in a lawsuit brought under 1983. When the defendant is the prevailing party, however, fees are appropriate only if the plaintiff's claim was "frivolous, unreasonable, or groundless" or if the "plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). Based on its review of established precedent involving Fifth Amendment law, the district court found fees appropriate under this standard.
 
 
 7
 Our review of this award of fees is limited to determining whether the trial court abused its discretion. See Cobb v. Saturn Land Co., 966 F.2d 1334, 1338 (10th Cir.1992). Under this standard,
 
 
 8
 "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. When we apply the 'abuse of discretion' standard, we defer to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value."
 
 
 9
 Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir.1994) (quoting McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir.1991)) (additional citation omitted). Our review of the pertinent law leads us to conclude the district court did not abuse its discretion.
 
 
 10
 Plaintiffs claim the county, through its scrutiny of subdivision applications and control over water rights, effectively "took" their property. This is a classic Fifth Amendment argument. See J.B. Ranch, Inc. v. Grand County, 958 F.2d 306, 308 (10th Cir.1992) (county's action in identifying public roads on private property stated a Fifth Amendment takings claim). It is axiomatic, however, that "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194 (1985).
 
 
 11
 As a consequence, property owners alleging a taking under 1983 must resort to state procedures prior to making a federal claim. Doing so gives the state the opportunity, when appropriate, to compensate for the alleged loss. See Miller v. Campbell County, 945 F.2d 348, 352 (10th Cir.1991) ("Because the plaintiffs have not yet been turned away empty-handed, it is not clear whether their property has been taken without just compensation."), cert. denied, 112 S.Ct. 1174 (1992). Here, there was no resort to state procedures. Thus, the district court correctly held the claim was not ripe.
 
 
 12
 Plaintiffs maintain they did not intend to assert a takings claim as such. Instead, they argue they were making a facial challenge to the county's policy. The Supreme Court has distinguished certain facial challenges from other takings claims and has indicated they may not require resort to state procedures. See Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 493 (1987) (addressing claim that mere enactment of statute constituted a taking). According to plaintiffs, elimination of the state procedures requirement takes away any ground for finding the claim frivolous.
 
 
 13
 Even assuming plaintiffs may assert a facial challenge, however, this argument is disingenuous. Review of the complaint reveals plaintiffs were arguing the county's "policy" had a very particularized impact on the value of their land. They sought money damages. Because economic injury was alleged concerning a specific piece of land, the plaintiffs' claim cannot be characterized as a facial challenge. See id. at 495 (citing Agins v. City of Tiburon, 447 U.S. 255, 260 (1980)). Plaintiffs' arguments to the contrary are unavailing. Accordingly, we reject this attempt to recharacterize the complaint as asserting a facial challenge to the county's policy.
 
 
 14
 The defendants have requested attorney's fees for their efforts in defending this appeal. We agree that fees are appropriate, and therefore remand this matter to the district court to calculate the costs and fees to be awarded for counsel's work. Igbal v. Golf Course Superintendents Ass'n of Am., 900 F.2d 227, 229-30 (10th Cir.1990) (fees on appeal appropriate where counsel forced to defend statutory award); Love v. Mayor, City of Cheyenne, 620 F.2d 235, 237 (10th Cir.1980) (prevailing party is entitled to fees for work done on appeal in civil rights litigation).
 
 
 15
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The matter is REMANDED for the purpose of calculating the appropriate amount of attorney's fees to be awarded on appeal.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The plaintiffs did not appeal the grant of summary judgment. Apparently, they reached an agreement with the county regarding the water service which appeased their concerns about the value of the land