**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAKOTA RIDGE JOINT VENTURE,

    Plaintiff-Appellant,

v.

CITY OF BOULDER,

    Defendant-Appellee.

No. 97-1330
(D.C. No. 96-D-2238)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Circuit Judge, **MURPHY**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

On September 24, 1996, Dakota Ridge Joint Venture ("Dakota Ridge"), the owner of certain acreage annexed into the City of Boulder, Colorado ("City") in 1990, brought suit in the United States District Court for the District of Colorado against the City, alleging, in essence, that the City's zoning laws and its administration thereof constituted an intentional and unlawful partial taking of the property rights of Dakota Ridge, and that, in so doing, the City violated Dakota Ridge's civil rights guaranteed under 42 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

1983. In a 34-page complaint, under the heading "General Allegations," Dakota Ridge set forth in considerable detail the underlying facts, including, for example, the title history of a portion of the land here involved dating back to 1968.[1]

Based on its "General Allegations," Dakota Ridge asserted five claims for relief, only one of which was a federal claim. As indicated, Dakota Ridge's first claim for relief was based on 42 U.S.C. § 1983. The remaining claims were all state claims, i.e., breach of contract, "Reliance/Equitable Estoppel," inverse condemnation, and "Quantum Meruit/Unjust Enrichment." Federal jurisdiction of the state claims was based on 28 U.S.C. § 1367(a), Dakota Ridge alleging, in its complaint, that those claims arose out of "the same common nucleus of operative facts as the federal claim and [are] so related to that claim as to be supplemental to and form a part of the same case or controversy."

Although it is not in the record before us, the City, at some point in time, filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and to stay discovery. In connection therewith, Dakota Ridge filed a response to the City's motion to dismiss and stay discovery on November 20, 1996, and that response is in the present record. In any event, the district court on December 23, 1996, denied the City's motion to dismiss and stay discovery and ordered it to answer the complaint. This the City did on January 13, 1997, admitting or denying the numerous fact allegations in the complaint, and affirmatively

---

[1]We note that Fed. R. Civ. P. 8(a) provides that a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

alleging, *inter alia,* that the district court lacked jurisdiction over any of Dakota Ridge's claims.

Some time thereafter, the City apparently filed a motion for summary judgment. That motion is not a part of the record on appeal, although the City's brief in support of its motion for summary judgment, which was filed on February 25, 1997, is in the present record. The brief included several affidavits.[2] On March 13, 1997, Dakota Ridge filed its response to the City's motion for summary judgment, attaching several affidavits thereto.

On August 11, 1997, the district court, in an eight-page order, granted the City's motion for summary judgment. In so doing, the district court reviewed in detail the chronology of the controversy and concluded that under *Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172 (1985), it had no subject matter jurisdiction of Dakota Ridge's asserted federal claim based on 42 U.S.C. § 1983. Accordingly, the district court granted summary judgment to the City on Dakota Ridge's first claim and dismissed that claim without prejudice. Having dismissed the only federal claim asserted by Dakota Ridge in its complaint, the district court then declined to exercise supplemental jurisdiction over Dakota Ridge's four remaining claims and

---

[2]In that brief, the City noted that in denying the City's earlier motion to dismiss, the district court stated "that once a more complete record was developed through a motion for summary judgment, that it would reconsider." The city then went on to state that "although the motion is now a motion for summary judgment, it is more properly framed as a motion to dismiss under Rule 12(b)(1)," i.e., lack of subject matter jurisdiction.

dismissed all, without prejudice. 28 U.S.C. § 1367(c)(3). Dakota Ridge appeals. We affirm.

In its memorandum order granting the City's motion for summary judgment, the district court rejected any suggestion by Dakota Ridge that the court's earlier order denying the City's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction was the "law of the case" and somehow precluded summary judgment. In that regard, the district court noted that in its earlier order, it had specifically stated that "after a more complete record was developed" it would reconsider the jurisdictional issue "if a motion for summary judgment was filed."

As concerns the merits of the question of whether the district court had subject matter jurisdiction of Dakota Ridge's first claim for relief, i.e., its 1983 claim, the district court held that Dakota Ridge's challenge to the City's zoning laws and the application thereof by the City to Dakota Ridge's property was not a challenge to a "final" decision by the City, and the court went on to hold that, even assuming the City's action was "final," the 1983 claim was still not "ripe" because Dakota Ridge had not yet resorted to state law for just compensation. As indicated, in thus holding, the district court relied on *Williamson, supra.*[3]

---

[3]*Williamson* has been considered by us in *Bateman v. City of West Bountiful,* 89 F.3d 704 (10th Cir. 1996); *Rocky Mountain Materials and Asphalt, Inc. v. Board of County Comm'rs,* 972 F.2d 309 (10th Cir. 1992); *J. B. Ranch, Inc. v. Grand County,* 958 F.2d 306 (10th Cir. 1992); *Miller v. Campbell County,* 945 F.2d 348 (10th Cir. 1991), *cert. denied,* 502 U.S. 1096 (1992); *Landmark Land Co. of Oklahoma v. Buchanan,* 874

The district court in its order also rejected Dakota Ridge's suggestion that its case came within a "futility exception" to the rule of *Williamson.* In this connection, the district court relied on *Landmark Land Co. of Oklahoma v. Buchanan,* 874 F.2d 717, 722 (10th Cir. 1989), where, although we did not specifically adopt the exception, we indicated that the futility exception, under any circumstance, could not be invoked unless it was "clear beyond peradventure that excessive delay in such final determination [would cause] the present destruction of the property's beneficial use."

The district court was of the view that Dakota Ridge's 1983 claim was based on a Fifth Amendment violation, i.e., an unlawful taking, and that in connection therewith Dakota Ridge did not rely on any Fourteenth Amendment violation, i.e., due process and equal protection. However, for dispositional purposes, the district court assumed that Dakota Ridge's 1983 claim was based, in part, on a Fourteenth Amendment violation, and held that such was also not yet ripe for federal resolution. In this regard, the district court relied on *Williamson, supra*, and *Bateman v. City of West Bountiful,* 89 F.3d 704 (10th Cir. 1996). In *Bateman,* we upheld the dismissal of a due process and equal protection claim as being unripe, stating that such claim, which was based on "the same facts as a concomitant takings claim," was "subsumed" within the takings claim. *Bateman* at 709.

On appeal, Dakota Ridge contends that the district court erred in granting summary

F.2d 717 (10th Cir. 1984). In each case we applied the rule of *Williamson* to the facts of the case at hand. We are unable to find any decision of this Court holding that the rule of *Williamson* was inapplicable to the facts of the case at hand.

- 5 -

judgment on its federal claim and dismissing all its claims without prejudice.

Specifically, as concerns its 1983 claim, Dakota Ridge asserts that the district court did

have subject matter jurisdiction over that claim and that *Williamson* is distinguishable

from the instant case on material matters and therefore has no present pertinency.  In

connection thereto, Dakota Ridge frames the issues raised on appeal as follows:

> I.  Does the "final decision" requirement of *Williamson*
> *County Regional Planning Comm'n v. Hamilton Bank* apply
> in a case where the unconstitutional conduct alleged is the
> refusal to render any decision at all? . . .
> II.  Does the "exhaustion" requirement of *Williamson County*
> apply in a case where applicable State law does not provide a
> reasonable, certain and adequate state remedy for an
> unconstitutional taking? . . .
> III.  Assuming applicability of the *Williamson County*
> ripeness doctrine, does the "futility" exception apply where
> the unconstitutional conduct alleged is the refusal to render
> any decision at all? . . .
> IV.  Assuming that Plaintiff's takings claim is not ripe under
> *Williamson County,* is a due process claim involving separate
> and distinct injuries similarly unripe? . . .

Without belaboring the point, our study of the present record convinces us that the

district court did not err in granting the City's motion for summary judgment and

dismissing all claims without prejudice.  Under *Williamson*, Dakota Ridge's 1983 claim is

premature because Dakota Ridge has not yet obtained a final decision regarding the

application of the City's ordinances and regulations to its property.  This is not a case

where the "delay" is intentional and never ending.  In this connection, the district court in

its order noted that in June 1997, the City made a decision favorable to Dakota Ridge

regarding a part of its property and that Dakota Ridge had not submitted a site plan for much of its property. Having concluded that Dakota Ridge has not yet obtained a final decision from the City, and that its federal claim is therefore not ripe, we need not here consider whether Colorado law has an adequate inverse condemnation procedure available to Dakota Ridge, which, under *Williamson*, it must also pursue -- and has not -- before any federal claim is ripe.

As concerns Dakota Ridge's suggestion that it would be "futile" for it to further pursue state remedies, as we said in *Landmark, supra,* assuming a "futility" exception to *Williamson*, any federal claim of this sort is still not ripe unless "it is clear beyond peradventure that excessive delay in such a final determination [would cause] the present destruction of the property's beneficial use." *Landmark* at 721 (citation omitted). Any "delay" in the present case is not of such proportion.

Finally, under *Bateman, supra,* if Dakota Ridge's 1983 claim is based, in any part, on a due process and equal protection argument, its due process and equal protection claims, under *Williamson*, would also be unripe, since, under the circumstances, the claims would be "subsumed" within the claim based on the takings clause of the Fifth Amendment.

Having concluded that Dakota Ridge's 42 U.S.C. § 1983 claim is premature and subject to dismissal, the district court's dismissal without prejudice of Dakota Ridge's state claims was proper under 28 U.S.C. § 1367(c)(3).

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge